IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | § | |
| as Broadcast Licensee of the March 28, 2009 | § | |
| Latin Fury 8: "Tijuana Thunder": | § | |
| Chavez, Jr./Cuello Event, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-969-L** |
| | § | |
| **IRISH SPORTS PUB, INC**., Individually | § | |
| and d/b/a **BEEF O'BRADY'S**; and | § | |
| **PAMELA K. CARLTON**, Individually | § | |
| and d/b/a **BEEF O'BRADY'S**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed May 3, 2012. After carefully reviewing the motion, briefing, pleadings, and applicable law, the court **denies** Defendants' Motion to Dismiss (Doc. 7).

**I.   Background**

J&J Sports Productions, Inc., as Broadcast Licensee of the March 28, 2009 Latin Fury 8: "Tijuana Thunder": Chavez, Jr./Cuello Event ("J&J Sports" or "Plaintiff") brought this action on March 28, 2012, against Irish Sports Pub, Inc., individually and d/b/a Beef Obrady's, and Pamela K. Carlton, individually and d/b/a Beef Obrady's ("Defendants") for violations of sections 553 and 605 of the Federal Communications Act ("FCA"). On May 3, 2012, Defendants moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's FCA claims are barred by a two-year statute of limitations.

**Memorandum Opinion and Order – Page 1**

## II.    Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197

**Memorandum Opinion and Order – Page 2**

F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

In this case, Defendants' sole basis for dismissal is the statute of limitations. "A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling the statute." *Wolfe v. Bellos*, 3:11-CV-02015-L, 2012 WL 652090, at *5 (N.D. Tex. Feb. 28, 2012).

### III.     Analysis

The parties acknowledge that sections 553 and 605 of the FCA contain no express limitations period; however, they dispute whether a two-year or three-year statute of limitations applies to Plaintiff's FCA claims. Plaintiff contends that a three-year statute of limitations applies, based on the Fifth Circuit's holding in *Prostar v. Massachi*, 239 F.3d 669 (5th Cir. 2001). The *Prostar* court determined, after applying a three-step analysis, that the Copyright Act's three-year statute of limitations was more closely analagous to the plaintiff's claims than Louisiana conversion law. Defendants assert that the court must apply *Prostar*'s three-step analysis, but application of that analysis should result in a determination that Texas conversion law and the two-year statute of limitations to such claims apply here. For support, Defendant relies on *J&J Sports Productions, Incorporated v. JWJ Management, Incorporated*, 324 S.W.3d 823, 830-31 (Tex. App.   Fort Worth 2010, no pet.).

Based on the reasoning in *Prostar*, the court concludes that the three-year statute of limitations period articulated in the Copyright Act, rather than Texas conversion law, governs Plaintiff's FCA claims. The court in *Prostar* declined to apply Louisiana conversion law to the plaintiff's FCA claims because "[t]he application of state conversion law in each of the fifty states would result in widely varying limitations periods." *Prostar*, 239 F.3d at 676. The court also concluded that "the Copyright Act provides the appropriate federal-law analogue to Prostar's FCA

**Memorandum Opinion and Order – Page 4**

claims. Indeed, the Copyright Act provides a "closer fit" than conversion." *Id.* at 677. In this regard, the court explained:

> The unauthorized access and retransmission of cable broadcasting, which the FCA prohibits, does not actually deprive the licensee of its license. Whereas conversion requires the wrongful deprivation of one's possession of property, the Copyright Act provides for liability when mere copying occurs, rendering it a more appropriate analogue to the FCA.

*Id.* As previously noted, Defendants' only basis for seeking dismissal is that Plaintiff's claims are subject to a two-year statute of limitations. Having determined that Plaintiff's claims are subject to a three-year statute of limitations, Defendants' Motion to Dismiss necessarily fails.

### IV.   Conclusion

For the reasons herein stated, the court **denies** Defendants' Motion to Dismiss.

**It is so ordered** this 13th day of February, 2013.

_____
Sam A. Lindsay
United States District Judge